IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAMADOU D'JIRE,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CRIMINAL ACTION NO.<br>1:24-cr-113-SCJ-CMS-1<br><br>CIVIL ACTION NO.<br>1:25-cv-4739-SCJ-CMS |
| MAMADOU D'JIRE,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CRIMINAL ACTION NO.<br>1:16-cr-100-SCJ-CMS-1<br><br>CIVIL ACTION NO.<br>1:25-cv-4728-SCJ-CMS |

**O R D E R**

This matter is before the Court on the Report and Recommendation ("R&R") of the Honorable Catherine M. Salinas, United States Magistrate Judge. (Doc. No. [21] in No. 1:24-cr-00113 and Doc. No. [66] in 1:16-cr-00100).[1] The R&R

[1] All remaining citations are to the record in Criminal Action No. 1:24-cr-00113-SCJ-CMS unless otherwise noted. Defendant D'Jire was on supervised release pursuant to a judgment in 1:16-cr-00100-SCJ-CMS when he was arrested on new charges in 1:24-cr-00113). The identical motion was filed in both case numbers.

recommends that the Court take one of two actions—either (A) hold an evidentiary hearing to determine the merit of Defendant D'Jire's claim that counsel failed to follow his instruction to file an appeal; or (B) exercise its discretion to grant Defendant D'Jire an opportunity to appeal his judgment of conviction in the interest of judicial efficiency. Doc. No. [21], 4. The Magistrate Judge indicated that the latter option is preferable. Id. No objections to the R&R have been filed.

Finding no error, the Court **HEREBY ADOPTS** the R&R (Doc. No. [21 in No. 1:24-cr-00113 and Doc. No. [66] in 1:16-cr-00100) and elects the latter, preferrable option of exercising its discretion to grant Defendant D'Jire an opportunity to appeal. Accordingly, the instant 28 U.S.C. § 2255 motions to vacate (Doc. No. [14] in No. 1:24-cr-00113 and Doc. No. [64] in No. 1:16-cr-00100) are **GRANTED IN PART** for the sole purpose of reinstating his appeals rights and **DENIED IN PART** as to all remaining claims without prejudice to Movant raising those claims (or any other claims) in a § 2255 motion filed after Movant's direct appeal is complete.

Accordingly, this Court hereby **GRANTS** Movant an out-of-time appeal.

According to the Eleventh Circuit,

> [w]hen the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

Pursuant to Phillips,

(1) The criminal judgment as to **MAMADOU D'JIRE** in action No. 1:24-cr-00113, Doc. No. [8] and order revoking supervised release, judgment and commitment (Doc. No. [61], No. 1:16-cr-00100) are **VACATED**.

(2) The sentence of imprisonment, the term of supervised release, restitution, and the special assessment imposed by this Court on August 16, 2024 as well as the consecutive term of twenty-four months imprisonment (with no additional term of supervised release) entered on August 16, 2024, are hereby **REIMPOSED** with appropriate credit for time already served and sums of the special assessment and restitution that may have already been paid, and the

Clerk is **DIRECTED** to docket new judgments (in Case Nos. 1:24-cr-00113 and 1:16-cr-00100 respectively) dated the day this order is entered.

(3) Movant is hereby **ADVISED** that: (a) he has the right to an appeal; (b) if he is unable to pay the cost of an appeal, he may apply for *in forma pauperis* status to pursue the appeal; (c) if he so requests, the Clerk of this Court will prepare and file a notice of appeal on his behalf; (d) if he is unable to afford counsel for the appeal, an attorney will be appointed for him; and (e) with few exceptions, any notice of appeal must be filed within **FOURTEEN DAYS** of the date the Court reimposes the sentence.

The Clerk is further **DIRECTED** to immediately submit this matter to the Magistrate Judge to appoint counsel for Movant in Case Nos. 1:24-cr-00113 and 1:16-cr-00100.[2]

**IT IS SO ORDERED** this 8th day of September, 2026.

**HONORABLE STEVE C. JONES**
**United States District Judge**

---

[2] The Court notes that while retained counsel represented Defendant at sentencing, there is a November 21, 2022 order that found Defendant financially unable to employ counsel and appointed the Federal Defender Program to represent Defendant. Doc. No. [39], No. 1:16-cr-00100 (supervised release action).